## Michigan Mutual Life Insurance Company v. Annie Vierra.

1. AGENT—*by whom scope of authority of, to be determined.* Whether an agent for an insurance company was apparently clothed with a particular authority is a question of fact to be determined by the jury upon a consideration of all the facts and circumstances proved.

2. EVIDENCE—*when incompetency under state of pleadings cannot be urged.* Incompetency of evidence under the state of the pleadings cannot be urged where such evidence was received without specification of such ground of objection.

3. RELEASE—*what evidence with respect to execution of, competent, under plea of non est factum.* Under such a plea evidence of fraud in the execution of a release may be offered.

4. VERDICT—*when amount of, cannot be complained of.* Where the defendant in an action of assumpsit has predicated its entire defense upon a plea of non-liability and has tried the case upon a like theory, it cannot, upon appeal, be heard to claim that the verdict did not take into consideration a matter of set-off to which it was entitled.

Action of assumpsit. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

JAMES McCARTNEY, for appellant.

ROBERT H. PATTON and B. GALLIGAN, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

In April, 1901, the appellant issued three policies of insurance, one on the life of John Vierra, husband of appellee, one on the life of Lulu Vierra, daughter of appellee, and one on the life of appellee, for the sums, respectively, of $1,500, $500 and $300. In April, appellee paid premiums amounting to $24.24 and in July she paid further premiums

amounting to $69.12, which paid in full on the three policies to April, 1902. These policies were issued to appellee by the defendant through their agent, one W. G. Nelson. Afterwards, in October, 1901, appellee made application for another policy in defendant company for $10,000 on the life of her husband, through the same agent, Nelson, and at that time Nelson proposed to her to take up the three first named policies and issue new ones in the same sums in lieu thereof, for which she should pay $801 cash, and upon which, as he represented to her, she would, if living, receive the face thereof, $2,300, at the expiration of nine more years, or if she died within that period, her heirs would receive that amount. After some consideration appellee agreed to accept the proposition and went to Chicago to meet Nelson and do the business. At Chicago she met Nelson and paid him $1,033.50, the amount agreed upon for the new policy for $10,000 and for the three policies to be issued in lieu of the old ones. At that time Nelson delivered to her the policy for $10,000 and the company's receipt for the premium thereon, and his own receipt, written on a company letter head, as agent of the company, for the $801, stating that she should keep the three old policies and the receipt until he sent the new ones and then he would take up the old policies. Afterwards some error was discovered in the $10,000 policy, and she handed it back to Nelson to send to the company for correction, which Nelson did, but the policy was not then returned to appellee. Neither the company nor the appellee has seen Nelson since that time. W. A. Courtright, who in April, 1901, was a soliciting agent, and since May, 1902, has been associate manager of appellant, was with Nelson at the time the first three policies were taken, and in January, 1902, he called on Mrs. Vierra at her home in Springfield to collect, as he says, the premiums on the three first policies and upon the $10,000 policy which he had received from the general office of defendant and then had with him. Mrs. Vierra refused to pay any more premiums and he went away. Several times in the next few days he

called upon her and finally he proposed, as he says, that
" if she would release and deliver up the three small poli-
cies he would give her the $10,000 policy and endorse
thereon the premium for one year." He testifies this prop-
osition was accepted by her and that she thereupon gave
up those policies and the receipt Nelson had given her, and
executed and delivered to him a release of the company
and he gave her the $10,000 policy. It appears that Nelson
made no return of money to the company after the first
day of July, 1901, although he made reports of business
done for several months after that date, among other items
this $10,000 policy.

The declaration is in assumpsit for the recovery of the
premiums paid to Nelson on the three policies. The pleas
are general issue and release; the replication to plea of re-
lease is *non est factum.* The plaintiff made proof of the
transactions with Nelson and the amounts of money paid
by her as premiums and the dates at or about which the
same were paid and the various transactions were had.
Defendant was notified to produce the papers which had
been delivered to the agent Courtright and stated in reply
that they had been destroyed. No evidence was offered by
defendant to rebut this proof on the part of plaintiff.
Plaintiff further introduced proof showing that at the time
Courtright called upon plaintiff and had the interviews
which resulted in his getting the three old policies and the
release, she was confined to her bed with sickness. Court-
right, defendant's witness, says : " She was in bed propped
up with a lot of pillows, chairs and one thing or other
when I went in. She claimed to be sitting up on account
of being unable to get her breath." The testimony of
plaintiff and her two daughters tends strongly to show that
Mrs. Vierra was at the time too ill to be fit to transact any
business or to understand what she was about, and their
testimony is also to the effect that Courtright when he of-
fered the paper to be signed by plaintiff which appears to
be a release, said it was plaintiff's agreement in writing
that she would appear as a witness against Nelson and

thereby help to prosecute him for fraudulent practices. Courtright denies their statement in this particular and two witnesses were called by defendant who testified to statements of one of the daughters to them previous to the trial, contradictory of her statements on the witness stand. The jury found the issues for the plaintiff and returned their verdict in the sum of $984, upon which the court, after overruling a motion for a new trial, entered judgment.

It is first urged that the agreement made by Nelson when he received the $1,033.50 was without the apparent scope of his authority, was absurd, and further that whether it was within the scope of his authority, was a question of law for the court and not of fact for the jury. In Phenix Insurance Company v. Stocks, et al., 149 Ill., p. 336, it is said: "Whether the agent was apparently clothed with authority to represent the company in the adjustment of the loss or to accept service of the demand and notice for arbitration under the conditions of the policy was a question of fact to be determined by the jury upon consideration of all the facts and circumstances proved," and this proposition is approved in Milwaukee Ins. Co. v. Schallman, 188 Ill. 224. Again it is contended that Nelson was the agent of plaintiff to procure these policies and not of the company. We think not; manifestly not. Also it is claimed that appellee had notice that no payment of premiums was binding on defendant unless a receipt was given therefor over the printed name of the president and countersigned by the agent, and that therefore the receipt was a mere personal transaction between Nelson and plaintiff. The opinion of the court in Hancock Insurance Company v. Schlink, 175 Ill. 290, answers that proposition in the negative. It is argued that plaintiff's proof upon the issue as to the release was inadmissible under the plea of *non est factum*. In reply it may be said that no objection on that ground was made on the trial, and further, it is laid down in Chitty's Pleading, vol. 1, star paging 183, that such proof is admissible under that plea. The fourth point is made that the verdict shows that the premiums on the

three policies were included in the finding of the jury and that appellee had the benefit of that insurance. Appellee did have several months' benefit of the insurance up to the time defendant took her policies from her, but a considerable portion of those premiums was still unsatisfied; how much, we cannot determine from the record. The defendant has those policies and doubtless the record of them. It made no proof on that subject, did not produce the policies so that their terms and conditions might be known, made no objection to the proof offered by the plaintiff on the subject, except general objection, and asked no instruction of the court limiting the findings of the jury upon that matter. The defendant rested its entire defense on the plea of release, and in view of the course taken by it on the trial, we cannot now interfere in its behalf upon this ground. It is also urged that the court erred in refusing to submit to the jury divers special findings which were offered by defendant because, as is said, the answers "would have given us light as to the reasons why they rendered so peculiar a verdict." Simply because the questions submitted called for such reasons only, and for no ultimate facts, was the ground of their refusal. No question is made that Nelson was the duly appointed agent of defendant. It is simply claimed that he exceeded his authority. The jury have found otherwise and we cannot say their verdict is unwarranted. The jury have also found that the release was of no binding force upon plaintiff and we are inclined to think that finding is correct. The plaintiff had paid Nelson for the $10,000 policy and it had been delivered to her. The defendant afterwards came into possession of it merely for its correction and unlawfully kept it, and afterwards made its re-delivery to plaintiff, conditional upon her return and cancellation of the first three policies and Nelson's receipt for the money. The so-called release was wholly without consideration. The ignorance and fears of a sick woman were played upon by defendant's agent in order to obtain it. The release was void, the verdict was right and the judgment is affirmed.

*Affirmed.*